COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

| | |
|---|---|
| Appellate case name: | Texas Department of Public Safety v. Anita Johnson and Tameki Taylor |
| Appellate case number: | 01-20-00397-CV |
| Trial court case number: | 2017-76040 |
| Trial court: | 113th District Court of Harris County |

Appellees have purported to file an unopposed motion to substitute counsel on appeal. Appellees are currently represented by Thomas Burton of the Burton Law Firm. Appellees request that Thomas Burton be allowed to withdraw as counsel of record, and that Andrew J. Cobos and Nicholas Kacal of The Cobos Law Firm be substituted as counsel on appeal.

Rule 6.5(d) of the Texas Rules of Appellate Procedure governs the procedure for substitution of counsel. Rule 6.5 contemplates that the attorney of record file a motion in this Court seeking to withdraw before substitution of new counsel may be permitted. *See Lewis v. State*, No. 07-15-00061-CR, 2015 WL 1143188, at *1 (Tex. App.—Amarillo Mar. 13, 2015, no. pet.); TEX. R. APP. P. 6.5(d). The rule provides that, if a new attorney is substituting for the withdrawing attorney, "the *motion to withdraw* . . . must state . . . the substitute attorney's name, mailing address, telephone number, fax number, if any, and State Bar of Texas identification number." TEX. R. APP. P. 6.5(d) (emphasis added). The *withdrawing attorney* must then deliver the motion to withdraw to the party, here, Appellees, either in person or by mail. TEX. R. APP. P. 6.5(b) ("The motion [to withdraw] must be delivered to the party in person or mailed—both by certified and by first-class mail—to the party at the party's last known address."); *id.* 6.5(d) ("If an attorney substitutes for a withdrawing attorney . . . *[t]he withdrawing attorney* must comply with (b)[.]" (emphasis added)).

By the motion to substitute filed on May 26, 2022, Cobos and Kacal seek to be substituted for Burton as Appellees' attorney of record and request Burton be allowed to withdraw. Although the motion was signed by both Burton and Cobos, it was filed by Cobos, not Burton. Moreover, a motion to withdraw must be served on Appellees in order

to comply with Rule 6.5(b), (d). The certificate of service here does not indicate that the party, i.e., Appellees, were served with the motion. Nor is the certificate of service signed. *See* TEX. R. APP. P. 9.5(e). Accordingly, the motion does not comply with the Texas Rules of Appellate Procedure and is deficient.

The motion is **DENIED**, without prejudice to refiling.

It is so ORDERED.

Judge's signature: /s/ Amparo Guerra
⊠Acting individually ☐ Acting for the Court

Date: June 7, 2022